IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENNIS MACK,**<br><br>                              Petitioner,<br><br>       v.<br><br>**JERRY BROWN, Governor,**<br><br>                              Respondent. | Case No. 1:15-cv-01704 DAD MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 23]** |

Petitioner is a state detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent is represented in this action by Brian R. Means, of the Office of the Attorney General for the State of California.

I.     **Background**

Petitioner is detained by the State of California pursuant to an October 16, 2006 judgment of the Superior Court of California, County of San Francisco, finding probable cause that Petitioner is a sexually violent predator under California's Sexually Violent Predator Act ("SVPA"). (Cal. Welfare & Inst. Code § 660 et. seq.) (See, Mot. to Dismiss, Lodged Doc. 1.) The court ordered Petitioner to be detained in Coalinga State Hospital,

1 where he is currently confined, while awaiting his SVPA trial. (Id.) Although nearly ten years have passed after the probable cause hearing, there is no indication that the County has held Petitioner's SVPA trial.[1]

As stated, on October 16, 2006, the San Francisco County Superior Court found that Petitioner would likely engage in sexually violent predatory criminal conduct upon his release. (Lodged Doc. 1.) Petitioner was therefore detained by the state under the SVPA. On May 25, 2007, Petitioner filed a petition for writ of habeas corpus with the San Francisco County Superior Court challenging his commitment. (Lodged Doc. 2.) Although not in possession of the order denying the petition, on December 13, 2007 the California Court of Appeal, First Appellate District noted that the habeas corpus petition filed with San Francisco County Superior Court was previously denied along with denial of a petition for writ of mandate filed with that Court. (Lodged Doc. 3.)

On July 8, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court raising various challenges to the SVPA. (Pet., ECF No. 1.) In general, he contends that the SVPA is unconstitutional because it does not appropriately distinguish between those sex offenders who are mentally ill and dangerous and those who are not mentally ill and dangerous.

On May 13, 2016, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust all the claims presented in the petition, the Court's duty to abstain from intervening in pending state proceedings, and because Plaintiff's claims are unripe. (Mot. To Dismiss, ECF No. 23.) On July 21, 2016, Petitioner filed an opposition to the motion to dismiss.

## II. Discussion

### A. Should the Petition be Governed by Section 2241 or Section 2254?

---

[1] Per Respondent, the assistant district attorney prosecuting the SVPA matter in San Francisco County reports that Petitioner was scheduled to commence trial on June 7, 2016. (Mot. to Dismiss at 4.) Petitioner's July 21, 2016 response to this motion to dismiss makes no mention of trial having begun. The Court will proceed here on the assumption that no such trial has yet been held; if it has been held, this ruling is not intended to impact Petitioner's right to challenge the results of that proceeding.

The critical issue is whether the petition for writ of habeas corpus should be governed by the more general federal statute (§ 2241), or the more specific section governing petitions for relief by individuals in state custody (§ 2254). While exhaustion of remedies defenses have been judicially enforced in habeas proceedings under § 2241, AEDPA imposes a separate statutorily created exhaustion requirement for petitions filed under § 2254. Accordingly, the resolution of this motion is dependent on the nature of the habeas petition filed.

The Court finds that, although the Petition ostensibly was brought pursuant to 28 U.S.C. § 2241, the law is well established that a habeas petition challenging a state civil commitment order is governed by § 2254. See Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (state court order of civil commitment satisfies § 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement"); Carmony v. Mayberg, No. CIV S-10-3381 GGH P, 2011 U.S. Dist. LEXIS 3470, 2011 WL 86662, at *2 (E.D. Cal. Jan. 10, 2011) ("Plainly, if petitioner seeks to challenge the constitutionality of a prior civil commitment pursuant to the SVP Act, he must proceed by way of a petition pursuant to 28 U.S.C. § 2254."); Padilla v. King, 2014 U.S. Dist. LEXIS 183948 (C.D. Cal. Aug. 15, 2014). The Court therefore construes the petition as challenge to his state detainment under 28 U.S.C. § 2254.

**B.     Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### C. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his confinement by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Respondent contends that Petitioner has not filed any actions with the California Supreme Court challenging the San Francisco County Superior Court's finding of probable cause that Petitioner is a sexually violent predator or the constitutionality of the SVPA itself. As Petitioner has not presented his claims to the highest state court, Respondent argues that the claims of the present petition are not exhausted and are subject to dismissal.

The Court agrees. Upon independent review, the Court concludes that Petitioner has not presented his claims to the California Supreme Court. Petitioner has not presented any evidence rebutting Respondent's assertion that the claims were not exhausted in state court. As Petitioner has not exhausted the claims in the instant petition with the California Supreme Court, the petition must be dismissed without prejudice.

### D. Other Grounds for Dismissal

Having found that the claims of the petition have not been exhausted in state court, and must be dismissed without prejudice, the Court need not determine whether abstention doctrine applies or whether the claims are unripe.

### III.     Recommendation

Accordingly, it is hereby recommended that the Motion to Dismiss be granted and the petition be dismissed in its entirety without prejudice for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 9, 2016                          /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE